JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 17 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON

## MULTIDISTRICT LITIGATION

In re:                              )
                                    )
SONY BMG AUDIO                      )        MDL Docket No. 1750
COMPACT DISC LITIGATION             )
                                    )
_____   )

### CERTIFIED CLASS REPRESENTATIVES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS TO TRANSFER UNDER 28 U.S.C. § 1407

**GIRARD GIBBS
 & De BARTOLOMEO LLP**
Daniel C. Girard
Elizabeth C. Pritzker
Aaron M. Sheanin
601 California Street, Suite 1400
San Francisco, California  94108
Telephone:  (415) 981-4800

**KAMBER & ASSOCIATES, LLC**
Scott A. Kamber
19 Fulton Street, Suite 400
New York, New York 10038
Telephone: (877) 773-5469

*Class Counsel
In re SONY BMG CD Technologies Litigation*

## OFFICIAL FILE COPY

IMAGED JAN 1 8 2006

# I.

## INTRODUCTION

On January 6, 2006, the Honorable Naomi Reice Buchwald of the United States District Court for the Southern District of New York issued an order granting preliminary approval to a settlement of *In re SONY BMG CD Technologies Litigation*, Case No. 1:05-cv-09575-NRB (S.D.N.Y.), a consolidated class action alleging that the use of content protection software on music compact discs ("CDs") manufactured and sold by SONY BMG Music Entertainment ("SONY BMG"), violates federal and state law. A copy of the preliminary approval order is attached hereto. The settlement will resolve all claims alleged in all of the related federal actions before the Panel[1] and all actions pending in state court.[2]

---

[1]  The following actions are subject to the motions before the Panel:   *In re SONY BMG CD Technologies Litigation*, 1:05-cv-09575-NRB (S.D.N.Y.) (consolidated); *DeMarco v. Sony BMG Music*, 2:05-cv-05485-WHW-SDW (D.N.J.) (transferred by stipulation to S.D.N.Y.); *Klewan v. Arista Holdings Inc.*, 05 CV 9609 (S.D.N.Y.); *Maletta v. Sony BMG Music Entm't*, 05 CV 10637 (S.D.N.Y.); *Michaelson v. Sony BMG Music, Inc.*, 05 CV 9575 (S.D.N.Y.); *Potter v. Sony BMG Music Entm't*, 05 CV 9607 (S.D.N.Y.); *Ricciuti v. Sony BMG Music Entm't*, 05 CV 10190 (S.D.N.Y.); *Rivas v. Sony BMG Music Entertainment*, 05 CV 9598 (S.D.N.Y.); *Ponting v. SONYBMG Music Entm't, LLC*, CV 05-08472-JFW(AJWx) (C.D. Cal.); *Klemm v. Sony BMG Music Entertainment*, C 05 5111 BZ (N.D. Cal.); *Melcon v. Sony BMG Music Entm't*, C 05 5084 MHP (N.D. Cal.); *Black v. Sony BMG Music Entm't*, CIV-05-1315 WDS/RLP (D.N.M.). On January 6, 2006, SONY BMG filed a notice of related action, identifying *Allen v. Sony BMG Music Entm't*, 05-23806-CIV-JORDAN (S.D. Fla.), as a potential tag-along action.

[2]  The actions pending in state court include: *Jacoby v. Sony BMG Music Entm't*, No. 05/116679 (N.Y. Sup. Ct. Nov. 30, 2005); *Bahnmaier v. Sony BMG Music Entm't*, No. CJ 2005 06968 (Okla. Dist. Ct. Nov. 28, 2005); *Xanthakos v. Sony BMG Music Entm't, LLC*, No. 05-0009203 (D.C. Super. Ct. Nov. 28, 2005); *Maletta v. Sony BMG Music Entm't Corp.*, No. BC343615 (Cal. Super. Ct. Nov. 28, 2005); *Burke v. Sony BMG Music Entm't*, No. 857213 (Cal. Super. Ct. Nov. 22, 2005); *Hull v. Sony BMG Music Entm't*, No. BC343385 (Cal. Super. Ct. Nov. 21, 2005); *Cooke v. Sony BMG Music Entm't*, No. 05-0009093 (D.C. Super. Ct. Nov. 18, 2005); *Stynchula v. Sony Corp. of Am.*, No. BC343100 (Cal. Super. Ct. Nov. 15, 2005); *Gruber v. Sony Corp. of Am.*, No. BC342805 (Cal. Super. Ct. Nov. 9, 2005); *Guevara v. Sony BMG Music Entm't*, No. BC342359 (Cal. Super. Ct. Nov. 1, 2005).

Judge Buchwald has agreed to accept transfer of all federal actions. Class Representatives and Class Counsel[3] are aware of no opposition either to the motions for consolidation of the federal actions or to transferring these actions to the Southern District of New York. Accordingly, the Panel should grant the motions, consolidate all actions, transfer them to the United States District Court for the Southern District of New York, and assign the cases to Judge Buchwald.

## II.

## BACKGROUND

Since November 2005, plaintiffs in at least twelve federal class actions have sued SONY BMG, the second-largest owner and distributor of record labels, in connection with SONY BMG's use of two types of content protection software, Extended Copy Protection ("XCP") and MediaMax, on its music CDs. All of the actions arise from a common factual core and assert similar claims against SONY BMG under the same or similar laws. Specifically, the complaints allege that the CDs and software: (1) limit the number of copies of a CD that a user can make; (2) limit the CDs to being compatible with only Sony and Microsoft software programs and devices; (3) exchange information between the user's computer and SONY BMG; (4) do not contain a mechanism to uninstall the software; and (5) expose users' computers to security vulnerabilities. The complaints also allege the SONY BMG misrepresented or failed to disclose the nature and presence of these restrictions and vulnerabilities, and further allege that End User License Agreements ("EULAs") associated with each respective software program contained unconscionable or otherwise unenforceable provisions. The complaints allege that SONY BMG and its co-defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, state consumer fraud statutes, and the common law. As described in SONY BMG's motion to transfer, the allegations in all actions are substantively identical.

---

[3] Judge Buchwald certified a class for settlement purposes, appointed plaintiffs Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull, Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti, Dora Rivas, Mary Schumacher and James Springer as Class Representatives, and appointed Girard Gibbs & De Bartolomeo LLP and Kamber & Associates LLC as Class Counsel.

At least seven actions were brought in the Southern District of New York. SONY BMG's principal place of business is located in the Southern District of New York. In addition, the EULAs associated with each respective content protection software program grant exclusive jurisdiction to the state and federal courts in New York for litigation involving the EULAs. The EULAs also include a New York choice-of-law clause.

On December 1, 2005, Judge Buchwald entered Stipulation And Case Management Order Number 1 ("Case Management Order"), consolidating all related actions in the Southern District of New York as *In re SONY BMG CD Technologies Litigation* and organizing counsel to prosecute the litigation. On December 28, 2005, a Consolidated Amended Complaint was filed in *In re SONY BMG CD Technologies Litigation*. Also on December 28, 2005, plaintiffs moved for preliminary approval of a settlement which would resolve all claims in the litigation.

On January 6, 2006, Judge Buchwald certified the class for settlement purposes, granted preliminary approval to the settlement, and directed that notice be issued to settlement class members. A settlement fairness hearing is scheduled before Judge Buchwald for May 22, 2006.

Two motions for consolidation and transfer have been filed with the Panel.

The first motion, filed on December 23, 2005, is brought by three plaintiffs in an action pending in the Southern District of New York. Those movants origianlly sought to consolidate all proceedings in the United States District Court for the Northern District of California, where two other actions are pending. After becoming signatories to the settlement before Judge Buchwald, those movants amended their motion on January 3, 2006. They now ask the panel to transfer all cases to the Southern District of New York. *See* Amended Notice Of Motion And Motion By Plaintiffs Tom Ricciuti, Yvonne Ricciuti And Mary Schumacher To Transfer And Coordinate Or Consolidate All Pretrial Proceedings.

The second motion was filed on December 23, 2005 by SONY BMG. SONY BMG seeks to consolidate and transfer all actions to the Southern District of New York. *See* Motion To Transfer Under 28 U.S.C. § 1407.

3

Thus, all movants request consolidation and transfer of the actions to the Southern District of New York. Class Counsel is unaware of any party who opposes consolidation or transfer to the Southern District of New York, as requested by these movants.

## III.

## ARGUMENT

### A. Consolidating The Actions For Pretrial Proceedings Will Promote The Goals of 28 U.S.C. § 1407

The Panel should consolidate all actions in a single forum. 28 U.S.C. § 1407 provides, in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfer for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

Granting the motion under section 1407 will prevent duplicative efforts by the parties and eliminate the possibility of overlapping or inconsistent pleading and class action determinations by courts of coordinate jurisdictions. *See In re Doral Fin. Corp. Sec. Litig.*, 398 F. Supp.2d 1369 (J.P.M.L. 2005); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp.2d 1365 (J.P.M.L. 2005); *In re Litig. Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976); *In re LTV Corp. Sec. Litig.*, 470 F. Supp. 859, 862 (J.P.M.L. 1979).

Transfer and consolidation is particularly important here, because it will enable a single court to consider a global resolution of claims through a settlement which has been granted preliminary approval. *See In re Managed Care Litig.*, 246 F. Supp.2d 1363, 1365 (J.P.M.L. 2003) ("[S]ettlement matters are appropriate pretrial proceedings subject to centralization under § 1407."); *In re Medco Health Solutions, Inc., Pharmacy Benefits Mgmt. Litig.*, 254 F. Supp.2d 1364, 1365 (J.P.M.L. 2003) (granting motion under section 1407 where district court "is currently in the process of reviewing

4

a proposed comprehensive settlement of claims in this litigation").

The litmus test of transferability and coordination under section 1407 is the presence of common questions of fact. *See In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979). Here, the actions all arise out of the same factual circumstances: SONY BMG's use, without adequate disclosure, of content protection software on music CDs which expose users' computers to security vulnerabilities. Included among the common questions of fact posed in these cases is whether defendants failed to disclose, inadequately disclosed, and/or concealed at the point of sale and through the software installation process that: (1) SONY BMG's CDs contain content protection software; (2) SONY BMG's content protection software restricts the use of the audio files contained on the music CDs; (3) the content protection software contained on the CDs is installed and runs on the user's computer, whether the user consents to the EULA associated with the software or not; (4) SONY BMG's content protection software does not have an uninstall feature; (5) a user's attempt to remove the content protection software manually will damage the computer on which it is installed; and (6) SONY BMG's content protection software exchanges information concerning the user between the user's computer and SONY BMG's computer servers.

Consolidating the actions in a single district court will ensure consistent pretrial rulings, particularly with respect to approval of the proposed settlement. Centralization also will simplify the coordination of confirmatory or other discovery, prevent duplicative litigation, and conserve judicial resources. Therefore, transfer of the federal actions to a single district court for consolidation will serve the goals of 28 U.S.C. § 1407(a). *See In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, 293 F. Supp.2d 1381 (J.P.M.L. 2003); *In re Silica Prods. Liab. Litig.*, 280 F. Supp.2d 1381, 1382-83 (J.P.M.L. 2003); *In re Welding Rod Prods. Liab. Litig.*, 269 F. Supp.2d 1365, 1366-67 (J.P.M.L. 2003).

**B.** **The Actions Should Be Transferred To Judge Buchwald**

The actions should be transferred to the Honorable Naomi Reice Buchwald of the United States District Court for the Southern District of New York.

Among the factors the Panel considers to determine the most appropriate forum are the preference of the majority of the parties, the relative progress which has been achieved in actions pending in various districts, the convenience of the parties and witnesses, the location of parties, witnesses and documents, and the expertise of a particular court in the areas of law and procedures which govern the actions. *See In re Napster, Inc., Copyright Litig.*, Docket No. 1369, 2000 U.S. Dist. LEXIS 1369, at *3 (J.P.M.L. Oct. 11, 2000); *In re Mattel, Inc., Sec. Litig.*, Docket No. 1327, 2000 U.S. Dist. LEXIS 2450, at *3 (J.P.M.L. Mar. 3, 2000); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973). Each of these factors favors assignment to Judge Buchwald.

The forum in which the majority of related cases are pending is a key factor in deciding a motion to transfer under 28 U.S.C. § 1407. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 422-23 (J.P.M.L. 1991). Here, the majority of the actions have been filed in the Southern District of New York, and are now consolidated before Judge Buchwald as *In re SONY BMG CD Technologies Litigation.*

Additionally, the cases in the Southern District of New York have made the most progress. On December 1, 2005, Judge Buchwald entered a Case Management Order which consolidated all related actions filed in the Southern District of New York. The Case Management Order also appointed co-lead counsel and a plaintiffs' executive committee to litigate the actions. In addition, on January 6, 2006, Judge Buchwald held a hearing on plaintiffs' motion for preliminary approval of a proposed settlement. Judge Buchwald granted plaintiffs' motion, certified a class for settlement purposes, directed that notice be issued to the settlement class members, and scheduled a settlement fairness hearing. While the *In re SONY BMG CD Technologies Litigation* is headed toward resolution, no other action has progressed beyond the initial pleading stage. Accordingly, this factor favors transfer to the Southern District of New York. *See In re NOS Comms., Inc., Billing Practices*

*Litig.*, Docket No. 1357, 2000 U.S. Dist. LEXIS 14840, at *5 (J.P.M.L. Oct. 6, 2000) (transferring to court where most advanced action was pending).

The forum choice of a majority of the parties is another pertinent factor in determining a request for transfer. *See SmarTalk TeleServices, Inc., Sec. Litig.*, Docket No. 1315, 1999 U.S. Dist. LEXIS 19201, at *3 (J.P.M.L. Dec. 13, 1999) (noting that "most responding parties agree that centralization is appropriate in the Ohio court"); *In re AT&T Fiber Optic Cable Installation Litig.*, Docket No. 1313, 1999 U.S. Dist. LEXIS 19203, at *2 (J.P.M.L. Dec. 7, 1999) (noting that "all parties seek centralization in [the transferee] district and the judge assigned to the ... actions has already developed a familiarity with the issues in the litigation"). All movants seek conslidation and transfer to the Southern District of New York. Class Representatives know of no party to these actions who opposes transfer to the Southern District of New York. In fact, the parties who originally sought to transfer these cases to another venue have reconsidered and now support transfer to the Southern District of New York. That all parties favor this venue is a persuasive fact that supports transfer.

Moreover, SONY BMG is headquartered in the Southern District of New York, and most, if not all, of the documents and witnesses will be found there – another key factor that favors transfer to that judicial district. *See, e.g., In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.*, Docket No. 1396, 2001 U.S. Dist. LEXIS 5226, at *4 (J.P.M.L. Apr. 18, 2001) (the district where a defendant is located is strongly favored as a transferee district); *In re United Parcel Serv., Inc., Excess Value Ins. Coverage Litig.*, Docket No. 1339, 2000 U.S. Dist. LEXIS 5100, at *2 (J.P.M.L. Apr. 13, 2000) (cases transferred to New York where witnesses and documents were located); *In re Ikon Office Solutions Inc., Sec. Litig.*, Docket No. 1318, 1999 U.S. Dist. LEXIS 19077, at *5 (J.P.M.L. Dec. 2, 1999) (transferring to district where defendant maintained principal place of business because it was likely to be the location of a significant number of documents and witnesses); *In re Sunbeam Corp. Sec. Litig.*, Docket No. 1297, 1999 U.S. Dist. LEXIS 15870, at *2 (J.P.M.L. Oct. 13, 1999) (selecting transferee forum in part because "documents and witnesses will likely be found in that district at Sunbeam's ... headquarters"). If the settlement is not finally

approved, the Southern District of New York will be a convenient forum for litigation.

Finally, the Southern District of New York is equipped with the resources that this complex litigation is likely to require.

Therefore, the actions should be consolidated and transferred to Judge Buchwald in the Southern District of New York.

## IV.

## CONCLUSION

For the foregoing reasons, the Panel should grant the motions for consolidation and transfer all actions to the Honorable Naomi Reice Buchwald of the United Stated District Court for the Southern District of New York.

Dated:  January 16, 2006          Respectfully submitted,

**GIRARD GIBBS & De BARTOLOMEO LLP**


By: _____
          Elizabeth C. Pritzker

Daniel C. Girard
Aaron M. Sheanin
601 California Street, Suite 1400
San Francisco, California  94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Scott A. Kamber
**KAMBER & ASSOCIATES, LLC**
19 Fulton Street, Suite 400
New York, New York 10038
Telephone: (877) 773-5469

Class Counsel
*In re SONY BMG CD Technologies Litigation*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 7 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Zackary M. Lyons, hereby declare as follows:

I am employed by Girard Gibbs & De Bartolomeo, A Limited Liability Partnership, 601 California Street, Suite 1400, San Francisco, California 94108. I am over the age of eighteen years and am not a party to this action. On January 16, 2006, I served the attached document:

**CERTIFIED CLASS REPRESENTATIVES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS TO TRANSFER UNDER 28 U.S.C. § 1407; and CERTIFICATE OF SERVICE**

on:

### SEE ATTACHED SERVICE LIST

  **X**    by placing the document(s) listed above for collection and mailing them following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

I also certify and declare that I caused the above documents to be delivered by the same means to the clerks of the following courts affected by the Motion for Transfer and Consolidation:

Clerk of the Court
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 North Spring Street, Room G-8
Los Angeles, California 90012

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, New York 10007

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
50 Walnut Street, Room 4015
Newark, New Jersey 07101

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
333 Lomas Boulevard N.W.
Albuquerque, New Mexico 87102

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, executed January 16, 2006, at San Francisco, California.

Zackary M. Lyons

CERTIFICATE OF SERVICE
MDL No. 1750

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Docket: 1750 - In re Sony BMG Audio Compact Disc Litigation

Status:  Pending on  / /

Transferee District:          Judge:

Printed on 01/09/2006

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Devore, Andrew C.<br>Manatt Phelps & Phillips<br>7 Times Square<br>New York, NY 10036 | => Sunncomm Technologies, Inc. |
| Friedman, Jeff<br>Lerach Coughlin Stoia Geller Rudman & Robbins<br>100 Pine Street<br>Suite 2600<br>San Francisco, CA 94111 | => Ricciuti, Tom*; Ricciuti, Yvonne*; Schumacher, Mary* |
| Green, Robert S.<br>Green Welling, LLP<br>595 Market Street<br>Suite 2750<br>San Francisco, CA 94105 | => Melcon, Erin |
| Harwood, Robert I.<br>Wechsler Harwood, LLP<br>488 Madison Avenue<br>8th Floor<br>New York, NY 10022-5726 | => Maletta, John* |
| Jacobson, Jeffrey S.<br>Debevoise & Plimpton<br>919 Third Avenue<br>New York, NY 10022 | => Arista Holdings, Inc. dba Sony BMG Music Entertainment; Sony BMG Music Entertainment*; Sony BMG Music, Inc.; Sony Corp. of America |
| Kamber, Scott Adam<br>Kamber & Associates, LLC<br>19 Fulton Street, Suite 400<br>New York, NY 10038 | => Edelstein, Ori; Michaelson, James |
| Kizis, Lynne M.<br>Wilentz, Goldman & Spitzer<br>90 Woodbridge Center Drive<br>Woodbridge, NY 07092 | => DeMarco, Darren |
| Koluncich, III, Nicholas<br>Law Offices Of Nicholas Koluncich, III<br>6609 4th Street, N.W.<br>Suite J. - No. 136<br>Albuquerque, NM 87107 | => Black, Chad |
| Linde, Douglas A.<br>Linde Law Firm<br>2029 Century Park East<br>Suite #1360<br>Los Angeles, CA 90067 | => Linde, Daniel D.; Ponting, Jeffrey T. |
| Nuara, Leonard T.<br>Thacher, Proffitt & Wood<br>25 DeForest Avenue<br>Summit, NJ 07901 | => First 4 Internet |
| Press, Ira M.<br>Kirby, McInerney & Squire, L.L.P. | => Potter, Jeffrey |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 830 Third Avenue<br>10th Floor<br>New York, NY 10022 | |
| Pritzker, Elizabeth C.<br>Girard, Gibbs & De Bartolomeo L.L.P.<br>601 California Street<br>Suite 1400<br>San Francisco, CA 94108 | => Rivas, Dora* |
| Rothken, Ira P.<br>Rothken Law Firm<br>1050 Northgate Drive<br>Suite 520<br>San Rafael, CA 94903 | => Klemm, Laura* |
| Scher, Irving<br>Weil, Gotshal & Manges, LLP<br>767 Fifth Avenue<br>New York, NY 10153 | => Bertelsmann, Inc.* |
| Solotaroff, Jason<br>Giskan & Solotaroff<br>207 West 25th Street, 4th Floor<br>New York, NY 10001 | => Klewan, Andrew; Springer, James |

Note: Please refer to the report title page for complete report scope and key.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 17 2006

FILED
CLERK'S OFFICE

In re SONY BMG CD Technologies Litigation     :     No. 1:05-cv-09575-NRB

--------------------------------------------------------------- x

## HEARING ORDER

Upon the motion of plaintiffs Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull,

Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne

Ricciuti, Dora Rivas, Mary Schumacher and James Springer ("Plaintiffs") in the above-captioned

class action lawsuit (the "Action"), and defendants SONY BMG Music Entertainment ("SONY

BMG"), a Delaware general partnership, First4Internet Ltd. ("F4I"), a corporation located in and

organized under the laws of the United Kingdom, SunnComm International Inc., a Nevada

corporation headquartered in Arizona (which, collectively with MediaMax Technology Corp., a

Nevada corporation headquartered in Arizona, will be referred to herein as "SunnComm";

SunnComm, F4I and SONY BMG will be collectively referred to herein as "Defendants"; and

Plaintiffs and Defendants will be collectively referred to herein as the "Parties"); the Settlement

Agreement, dated December 28, 2005, and exhibits thereto (the "Settlement Agreement"); and

upon all prior proceedings conducted in this Action, this Court hereby finds that reasonable

cause exists to consider whether to approve the proposed settlement set forth in the Settlement

Agreement (the "Settlement") and to conduct a hearing, pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure, to determine, *inter alia*: **(a)** whether the Settlement is fair, reasonable,

and adequate, and whether it should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure; and **(b)** whether the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses should be granted,

      **IT IS HEREBY ORDERED**, that:

      1.    The Court, for settlement purposes only, hereby conditionally certifies pursuant to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of the named Plaintiffs in the Action and all natural persons or entities in the United States who purchased, received, came into possession of or otherwise used one or more MediaMax CDs and/or XCP CDs prior to the Effective Date. Excluded from the Settlement Class are Released Parties; SONY BMG-authorized resellers or distributors of the XCP CDs and MediaMax CDs; current or former employees of Released Parties; and any persons or entities that have previously executed releases discharging Defendants from liability concerning or encompassing any or all claims that are the subject of the Action and the Non-S.D.N.Y. Actions.[1]

      2.    The Court finds, with respect to the non-injunctive portions of the Settlement Agreement (*i.e.,* all those except the provisions in Section IV) that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

---

[1] All capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement dated December 27, 2005.

3.    The Court finds, with respect to the injunctive portions of the Settlement Agreement specified in Section IV, that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants allegedly have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, if the Settlement Agreement receives final approval.

4.    Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull, Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti, Dora Rivas, Mary Schumacher, and James Springer are appointed representatives of the Settlement Class.

5.    After considering the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Girard Gibbs & DeBartolomeo LLP and Kamber & Associates, LLC Class Counsel for the Settlement Class.

6.    The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and, accordingly, the Court, pursuant to Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure, preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement.

7.    The Court sets a hearing to take place on May 22, 2006, at ~~2:00~~ 9:15 a. p.m., before this *initials* Court, at the Daniel Patrick Moynihan United States Courthouse for the Southern District of New York, 500 Pearl Street, Room 2270, New York, New York, to hear all interested parties on whether: (*i*) the requirements for certification of the Settlement Class have been met; (*ii*) the

- 3 -

proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses, should be approved as fair, reasonable and adequate; and (*iii*) the Judgment approving the settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered (the "Fairness Hearing"). The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class (except those Settlement Class Members who file timely and valid objections).

8. The Court approves the form of the Notice of Pendency and Settlement of Class Action (the "Full Settlement Notice"), substantially in the form of Exhibit F annexed to the Settlement Agreement, which contains instructions for Settlement Class Members to obtain the settlement benefits referenced in the Settlement Agreement, and approves the summary form of that Settlement Notice, substantially in the form of Exhibit G, annexed to the Settlement Agreement.

9. Non-substantive changes may be made to the Full Settlement Notice and Summary Settlement Notice by agreement of the Parties, without further order of this Court.

10. The Court directs that the Settlement Class be given notice of the proposed Settlement as follows:

(a) SONY BMG, on or before February 15, 2006, shall cause the Full Settlement Notice to be sent by electronic mail ("e-mail") to all Settlement Class Members whose e-mail addresses SONY BMG possesses;

(b) SONY BMG, on or before February 15, 2006, shall post the Full Settlement Notice on its website. The Full Settlement Notice will remain posted to this

- 4 -

website until the date of the Fairness Hearing or until this Settlement Agreement is
terminated by its terms.

(c)     When a user inserts certain XCP CDs or MediaMax CDs into a computer
with an active connection to the Internet, the computer queries SONY BMG's website for
content, hereafter referred to as the "Banner," specific to the artist whose work appears
on the XCP CD or MediaMax CD.  SONY BMG will ensure that, on or before February
15, 2006, the Banner of XCP CDs and MediaMax CDs so equipped will, in addition to its
regular artist-specific content, display a clear and conspicuous link to the Full Settlement
Notice.

(d)     SONY BMG shall work with (and, if necessary, compensate) Google and
other search engine firms to ensure that a link to the Full Settlement Notice is displayed
prominently when users of those search engines search for words such as "XCP,"
"MediaMax" and "SONY BMG Settlement."

(e)     SONY BMG shall cause the Summary Settlement Notice to be published,
on or before February 15, 2006 in (*i*) the *USA Today* newspaper, or another, similar
publication of national circulation; (*ii*) *People* magazine, or another, similar publication
of national circulation; (*iii*) *Rolling Stone* ~~and Spin~~ magazines; (*iv*) the *Los Angeles*          μLκ⁶
*Times*, (*v*) the *New York Daily News*; (*vi*) the *New York Post*; (*vii*) the *Chicago Tribune*
and (*viii*) the *Atlanta-Journal Constitution*.  With respect to the daily publications listed
above, the advertisements containing the Summary Settlement Notice shall be published
on any single Monday, Tuesday, Wednesday or Thursday, and shall not be required to be
more than an eighth-page in size.

(f)     Plaintiffs' Class Counsel may continuously post the Summary Notice and
the Full Settlement Notice on their firm websites, beginning two (2) business days prior

- 5 -

to February 15, 2006, and ending on the date of the Fairness Hearing. Plaintiffs' Class Counsel will, additionally, cause the joint press release described in Section XI.F. of the Settlement Agreement, which will contain the information included in the Summary Settlement Notice, to be issued over PR Newswire, or another similar national business wire service, on any one date on or after the date two (2) business days prior to the date set forth in the Hearing Order for transmission of the Full Settlement Notice and publication of the Summary Settlement Notice.

11.    The Court directs that Defendants and Class Counsel, as applicable, shall promptly respond to all requests for copies of the Full Settlement Notice and printed Claim Form by sending the documents via U.S. mail or e-mail to any Settlement Class Members who shall make such requests.

12.    The Court finds that such notice to the members of the Settlement Class as described above: **(a)** is the best notice practicable to members of the Settlement Class; **(b)** is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; **(c)** is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and **(d)** meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13.     The Court directs Class Counsel and Defendant's counsel, on or before May 10, 2006, to file with the Court evidence that the provisions of paragraphs 9 and 10 of this Order have been satisfied.

14.     The Court directs that any person or entity who is a member of the Settlement Class and who wishes to exclude himself, herself, itself, or themselves from the Settlement Class shall, in writing, by letter postmarked on or before May 1, 2006, submit a request for exclusion that sets forth: **(a)** such person's or entity's name and address, or the name and address of the person or entity for which he, she or it is acting; **(b)** the CD title (including artist and album name) he, she, it, or they claims to have received, came into possession of or otherwise used; and **(c)** a clear and unambiguous statement that such person or entity wishes to be excluded from the Settlement Class.  Any person or entity who fails to timely and/or properly seek exclusion from the Settlement Class as provided herein, shall be deemed members of the Settlement Class for all purposes and shall be henceforth bound by all orders and/or judgments of this Court;

15.     Any person or entity who does not timely and/or properly seek exclusion from the Settlement Class may, solely at the expense of such person or entity, be heard personally or through counsel retained by such person or entity solely at the cost of such person or entity, on: (a) whether the Settlement is fair, reasonable, and adequate to Settlement Class members and whether the proposed Settlement should or should not be approved by the Court; and/or (b) the application of Class Counsel in the Actions for an award of attorneys' fees and/or reimbursement of expense should or should not be granted, provided, however, that such person or entity, on or before May 1, 2006: (i) has filed with the Clerk of the Court a notice of intention of such person or entity to appear, personally or, if such person or entity intends to appear by counsel, such counsel has filed a Notice of Appearance, with a written statement that describes in full the basis for any opposition of such person or entity to any or all of the applications before the Court at the

- 7 -

Fairness Hearing and attaching all supporting documentation and a list of any and all witnesses or experts, if any, whom such person or entity shall present to this Court; and (ii) has on or before May 1, 2006, served copies of such notice(s), statement(s), documentation and list(s) together with any other papers or brief(s) that such person or entity files with the Court or wishes the Court to consider, upon the following counsel of record in the Action:  Daniel C. Girard, Girard Gibbs & De Bartolomeo LLP, 601 California Street, Suite 1400, San Francisco, California  94108, Class Counsel; Jeffrey S. Jacobson, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, counsel for SONY BMG; Leonard T. Nuara, Esq., Thacher, Proffitt & Wood LLP, 25 DeForest Avenue, Summit, NJ 07901, counsel for F4I; and Andrew C. Devore, Esq., Manatt, Phelps & Phillips, L.L.P., 7 Times Square, New York, New York 10036, counsel for SunnComm.

16.    The Parties shall, by ~~May 10~~ *April 6*, 2006, file and serve all papers in support of the application for final approval of the Settlement, including the provision for payment of attorneys' fees and reimbursement of expenses.

17.    The Parties shall, by May 10, 2006, file and serve all papers in response to any valid and timely objections received by the designated counsel for the Parties identified in the Full Settlement Notice.

18.    The Court directs that the deadline for Settlement Class Members to complete (and, where applicable, return) Claim Forms to Defendant shall be December 31, 2006, unless such deadline is extended by further Order of this Court without further notice.  Any member of the Settlement Class who fails to submit a valid and properly completed Proof of Claim in the form set forth therein, dated or postmarked on or before December 31, 2006, unless such deadline date is extended, shall be barred from any recovery from that portion of the Settlement for which the submission of a valid Proof of Claim form is required.

19.     Pursuant to the Settlement Agreement, if, for any reason, the notice to Settlement Class Members specified above is not or cannot be provided before February 15, 2006, the Parties will confer in good faith and recommend to the Court that the date by which any Settlement Class Member must seek to receive one or more of the Settlement Benefits (specified above in paragraph 14) be extended correspondingly.

20.     If the Settlement Benefits available to Settlement Class Members change, including by operation of Section III(V) or IV(A) of the Settlement Agreement, no new notice need issue to Settlement Class Members.

21.     Defendants shall, within ten (10) days of the entry of this Hearing Order, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class members reside, as specified in 28 U.S.C. § 1715. Plaintiffs' Class Counsel shall cooperate in the drafting of such notices and shall provide Defendants with any and all information in their possession necessary for the preparation of these notices.

22.     As provided in Section IX. of the Settlement Agreement, SONY BMG shall pay all costs associated with providing notice to the members of the Settlement Class as directed herein, including, but not limited to, publication of the Full Settlement Notice, Summary Settlement Notice, and Claim Forms; postage and handling charges for providing copies of the Full Settlement Notice to potential members of the Settlement Class (as applicable), and for e-mail transmission of the Full Settlement Notice (as applicable); for publication as provided herein of the Summary Notice; and for any necessary costs of administration of the Settlement that are incurred prior to the Effective Date of the Settlement (as defined in paragraph II.B. of the Settlement Agreement). In the event that this Settlement Agreement does not become final or

- 9 -

the Effective Date does not occur for any reason, other than a breach by Plaintiffs or Plaintiffs' Class Counsel of one or more provisions of this Settlement Agreement, Plaintiffs shall have no obligation to reimburse Defendants for any costs or expenses paid, incurred or obligated for notice of this Settlement to the Settlement Class.

23.   As provided in Section III.S. of the Settlement Agreement, between the Preliminary Approval Date and May 1, 2006, SONY BMG will cause an independent third party to investigate whether SONY BMG has collected, aggregated or retained Personal Data in a manner inconsistent with the Settlement Agreement, and SONY BMG will provide the third party's conclusions to Plaintiffs' Class Counsel and to the Court prior to the Fairness Hearing, and shall post the third party's conclusions on its website no more than thirty (30) days after receiving those conclusions.

24.   Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class are, until the Fairness Hearing, barred and enjoined from: (*i*) filing, commencing, prosecuting, maintaining, or intervening in (as members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory or other proceeding arising out of the Released Claims against any of the Released Parties; and (*ii*) organizing or soliciting the participation of any members of the Settlement Class into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding arising out of the Released Claims against any of the Released Parties.  The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

**25.** If for any reason, the Effective Date of the Settlement does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of December 22, 2005, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur including, without limitation, paragraphs IX.A., IX.B., XI.C., XI.D., XI.K., and XI.L. of the Settlement Agreement.

**26.** Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against SONY BMG for any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any Claim asserted in this Action.

27.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:  New York, New York

      January _6_, 2006

                          **SO ORDERED, ADJUDGED AND DECREED**

                          THE HONORABLE NAOMI R. BUCHWALD
                          UNITED STATES DISTRICT JUDGE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 17 2006

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| —————————————————— | ) |
| IN RE SONY BMG AUDIO COMPACT<br>DISC LITIGATION | )   MDL Docket No. 1750<br>)<br>)<br>) |
| —————————————————— | ) |

## CERTIFICATE OF SERVICE

**GIRARD GIBBS**
 **& De BARTOLOMEO LLP**
Daniel C. Girard
Elizabeth C. Pritzker
Aaron M. Sheanin
601 California Street, Suite 1400
San Francisco, California  94108
Telephone:  (415) 981-4800

**KAMBER & ASSOCIATES LLC**
Scott A. Kamber
19 Fulton Street, Suite 400
New York, New York 10038
Telephone: (212) 571-2000

*Class Counsel*
*In re SONY BMG CD Technologies Litigation*